# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

PAMELA KAY PIZIAK,

        Plaintiff,

v.  CIVIL ACTION NO. 5:16-cv-08843

NANCY A. BERRYHILL[1],
Acting Commissioner of Social Security,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This is an action seeking review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (SSA), 42 U.S.C. §§ 401-433. By *Standing Order* (Document 3) entered on September 15, 2016, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for findings of fact and recommendations for disposition. On March 22, 2017, Magistrate Judge Aboulhosn submitted his *Proposed Findings and Recommendation* (PF&R) (Document 15), recommending that the Court deny the Plaintiff's request for judgment on the pleadings, grant the Defendant's request to affirm the decision of the Commissioner, affirm the final decision of the Commissioner, and dismiss this action.

The Court has reviewed the *Plaintiff's Objections to Proposed Findings and Recommendation* (Document 16), as well as the original briefing, the administrative record

---

[1] At the time this civil action was filed, Carolyn W. Colvin was serving as the Acting Commissioner of Social Security.

(Document 8 and exhibits), and the PF&R. For the reasons stated herein, the Court finds that the objections should be overruled.

The Plaintiff, Pamela Piziak, filed an application for DIB on October 22, 2013. She claimed that she was disabled as a result of "hearing loss, knee replacement, bi-polar, fibromyalgia, arthritis [left knee], [and] sleep problems." (PF&R at 2, quoting from Tr. at 145-46, 158.) Her claim was denied at each successive stage, and she timely sought judicial review.

## APPLICABLE LAW

Disability under the SSA is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration utilizes a five-step sequential inquiry to determine eligibility for social security disability benefits. If a claimant is determined not to be disabled at one step, the evaluation does not proceed to the next step. *See Johnson v. Barnhart*, 434 F.3d 650, 653-54 (4th Cir. 2005)). The Fourth Circuit has summarized the five-step process as follows:

> the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). "If the first three steps do not lead to a conclusive determination, the ALJ then assesses the claimant's residual functional capacity, which is "the most" the claimant "can still do despite" physical and mental limitations that affect her

ability to work." (citing 20 C.F.R. § 416.945(a)(1)). *Id.* at 635. If the claimant is able to perform his or her past work, the ALJ can find the claimant not to be disabled. *Id.* If the claimant is not able to perform his or her past work, the ALJ proceeds to step five, where "the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Id.* (citing 20 C.F.R. §§ 416.920(a)(4)(v); 416.960(c)(2); 416.1429).

## STANDARD OF REVIEW

The Federal Magistrates Act requires a district court to conduct a *de novo* review upon the record of any portion of the proposed findings and recommendations to which written objections have been made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Conversely, a district court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (holding that districts courts may adopt proposed findings and recommendations without explanation in the absence of objections). A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006). A district court's authority to choose among these options is independent of the statutory duty to afford review to those portions to which objections are addressed. *See Camby*, 718 F.2d at 199-200 ("If no objections were made, for example, it could hardly be argued that the judge must accept the [magistrate judge's] report if it contained an error of law apparent on its face."). As such, it is

wholly within the district court's discretion to accept, reject, or modify a magistrate judge's proposal irrespective of any objections by the parties. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Running parallel with district courts' discretion under the Federal Magistrates Act is the responsibility to ensure the just disposition of matters referred to magistrate judges. *See Mathews v. Weber*, 423 U.S. 261, 271 (1976); *see also Raddatz*, 447 U.S. at 683.

Section 405(g) of the SSA provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .." 42 U.S.C. § 405(g). "When examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197 (1938)). In making its determination, the Court must look to "the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971). When the Commissioner's decision clearly disregards the overwhelming weight of the evidence, the Court may modify or reverse the decision. *Id.*

## DISCUSSION

The Magistrate Judge set forth the Plaintiff's background and medical conditions, and the Court incorporates those findings by reference herein. In summary, Ms. Piziak taught middle school for about thirty-five years before retiring at around age sixty (60) at the onset of her alleged disability. She has a Masters' degree in education. Ms. Piziak cited her stress levels, anxiety,

and panic attacks as reasons for leaving her job. She underwent a left knee replacement in 2013 and a right knee replacement in 2014. She was diagnosed with fibromyalgia, but reported that it was in remission. She also had hypothyroidism, hypertension, moderate obstructive sleep apnea, and dry eye syndrome. The ALJ found that Ms. Piziak's degenerative joint disease and hearing loss constituted severe impairments, and that her mental health impairments and other chronic ailments were non-severe and caused little or no limitation in her functioning. Ms. Piziak's appeal focuses primarily on her hearing loss.

The medical expert, Dr. Judith Brendemuehl, testified that Ms. Piziak's hearing loss was not at a listing level, but that she would need a "fairly quiet environment." (PF&R at 13.) Ms. Piziak testified that her hearing bothered her in the classroom because students would laugh when she needed them to repeat themselves. She explained that her hearing aid batteries lasted only three to four hours, which doctors said was abnormal, but she did not complain about it because it was not a problem after she quit working. A doctor who performed a consultative examination "noted that [Ms. Piziak] wore bilateral hearing aids and responded to normal conversational volume." (Tr. at 19.) The ALJ found that Ms. Piziak's hearing impairment did not meet the severity of the listing for a hearing impairment at Step Three, but found that she could "never have exposure to a loud noisy environment." (Tr. at 16.) The vocational expert described Ms. Piziak's prior employment as a teacher as "code three, meaning just a regular – it's not a noisy environment, three, office type environment." (Tr. at 44.) The ALJ concluded at Step Four of the analysis that Ms. Piziak could return to her past relevant work as a teacher, and therefore was not disabled under §§ 216(i) and 223(d) of the Social Security Act.

5

Ms. Piziak filed a request for review with the Appeals Council, and submitted a Medical Source Statement from Dr. Sidney Lerfald, her treating psychiatrist, that she argued constituted new and material evidence rendering the ALJ's findings contrary to the weight of the evidence. (Tr. at 227.)[2] Dr. Lerfald indicated that Ms. Piziak had moderate difficulties dealing with the public and with work stresses, citing her bilateral hearing loss. (Tr. at 470.) He also noted slight difficulty with behaving in an emotionally stable manner and moderate difficulty with relating predictably in social situations and completing a work day and week at a consistent pace, citing her anxiety, hearing loss, and chronic lower back pain. (Tr. at 471.) The Appeals Council nonetheless denied Ms. Piziak's claim.

The Magistrate Judge found that the Commissioner's decision was supported by substantial evidence. He further found that it was for the ALJ to interpret the testimony that Ms. Piziak required a "fairly quiet" environment, together with the vocational expert's description of a classroom noise level as "not a noisy environment." In addition, the Magistrate Judge found that Dr. Lerfald's medical source statement did not contain new evidence regarding her hearing loss and its effects, and it would have been entitled to little weight, given that he did not treat her hearing loss. He observed that the ALJ considered Dr. Lerfald's records and treatment notes, and the new evidence was limited to the check-box medical source statement form. Thus, he found that the new evidence did not render the ALJ's findings "contrary to the weight of the evidence in the record as a whole." (PF&R at 25, citing *Snider v. Colvin*, 2013 WL 4880158 (S.D.W.Va. Sept. 12, 2013.)

---

2 Dr. Lerfald's medical source statement is a check-box form. He included brief phrases indicating, for example, that Ms. Piziak's limitations in social settings and dealing with the public were related to her hearing loss, but no further analysis or explanation. Pursuant to the regulations, opinions with thorough explanations are entitled to more weight than those with little explanation. 20 C.F.R. § 404.1527(c)(3).

Ms. Piziak objects. She argues that the ALJ did not sufficiently reconcile and explain "her RFC limitations for Piziak's severe hearing loss, which did not directly align with the hearing limitations provided by Dr. Brendemuehl….or by the State agency medical consultants." (Obj. at 4.) She contends that the ALJ was required to either include the limitations stated by the medical expert or explain her reasons for rejecting Dr. Brendemuel's opinion, and that remand is required to permit the ALJ to properly consider the evidence and explain her findings. In addition, she argues that the Appeals Council accepted Dr. Lerfald's medical source statement as new evidence, leaving this Court to consider only whether introduction of that evidence into the record renders the ALJ's decision unsupported by substantial evidence. Ms. Piziak argues that the evidence "clarified how Piziak's hearing loss affected her ability to perform the basic mental demands of work and to return to her past relevant work," as opposed to being about "the severity of Piziak's hearing loss." (Obj. at 6-7.) She suggests that "the new evidence from Dr. Lerfald is valuable to determining whether Piziak was limited to unskilled work and unable to return to her past relevant work as a teacher." (*Id.* at 7.)

The Court finds that the Commissioner's determination is supported by substantial evidence, and Dr. Lerfald's new evidence does not shift the weight of the evidence such that remand would be required. There is no dispute as to steps one through three of the requisite analysis, and so the Court will begin with step four, in which the ALJ considered whether Ms. Piziak could perform her past work given her limitations. Although she did not use the same words, the ALJ incorporated Dr. Brendemuehl's finding that Ms. Piziak required a "fairly quiet" environment by concluding that she could not be exposed to a loud, noisy environment. Other experts similarly testified that Ms. Piziak had occasional hearing limitations, but could respond to

normal conversation and could perform her past work.[3] It was reasonable for the ALJ to find that Ms. Piziak could not be exposed to a loud, noisy environment. Even if the ALJ had incorporated Dr. Brendemuehl's exact language stating that Ms. Piziak required a "fairly quiet" environment into her RFC, there is no apparent conflict between a "fairly quiet" workplace and a "not noisy," "normal," and "office type" workplace, as the vocational expert described the classroom environment.

Substantial evidence supports the Commissioner's denial even giving consideration to the new evidence submitted by Dr. Lerfald. *See Meyer v. Astrue*, 662 F.3d 700, 706–07 (4th Cir. 2011) (explaining that remand for an ALJ to review new evidence from a treating physician admitted by the Appeals Council is necessary if it is not controverted by other evidence, but that affirmance of the Commissioner's denial remains appropriate when the decision is supported by substantial evidence.) As noted by the Magistrate Judge, Dr. Lerfald's more in depth treatment records were already part of the record, and his newly submitted evidence consists of only a check-box form indicating moderate and slight problems with certain functions, including working with the public and handling work stress. Ms. Piziak suggests that Dr. Lerfald's source statement supports a finding that her loss of hearing leaves her unable to perform skilled work. It is unclear how hearing loss, not itself a mental condition, would reduce a claimant's skill level, particularly in light of Ms. Piziak's ability to participate in normal conversations with the use of hearing aids.

---

3 Ms. Piziak argues that medical experts' opinions regarding whether she could perform her past work are not entitled to any consideration. Although medical experts are not vocational experts, most people are familiar with a classroom environment, and could reasonably give a medical opinion regarding Ms. Piziak's ability to handle the noise level in a typical classroom, just as any patient could expect her doctor to give advice regarding her ability to perform ordinary tasks. The ALJ did not appear to give significant weight to the contested opinions, however, and her opinion is supported by substantial evidence regardless of any consideration given to the statements by the medical experts that she could continue teaching.

The ALJ carefully reviewed the contemporaneous treatment notes from Dr. Lerfald, Ms. Piziak's own statements, and a Psychiatric Review Technique Form completed by a state agency consultant. She placed emphasis on the contemporaneous treatment notes, which recounted mildly deficient concentration, but generally stable moods and energy levels, with the ability to travel, play scrabble, visit friends, manage household finances, and complete light housework. Any stress or anxiety attributable to Ms. Piziak's hearing loss would have been incorporated in the mental health records reviewed by the ALJ. Ultimately, the ALJ concluded that Ms. Piziak's mental health problems were well managed with treatment, and caused only mild deficiencies in certain areas. Dr. Lerfald's new source statement indicating moderate deficiency in interacting with others is contradicted by the treatment notes recounting regular social interaction and Ms. Piziak's testimony that she had no difficulty in interactions with authority figures. Clearly, the ALJ's decision is supported by substantial evidence, and is adequately explained, even in light of the "new and material evidence" admitted by the Appeals Council. Therefore, the Court finds that Ms. Piziak's objections should be overruled, and the PF&R should be adopted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Objections to Proposed Findings and Recommendation* (Document 16) be **OVERRULED**, and that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 15) be **ADOPTED**. The Court further **ORDERS** that the *Plaintiff's Memorandum in Support of Judgment on the Pleadings* (Document 10) be **DENIED**, that the *Defendant's Memorandum in Support of Judgment on the Pleadings* (Document 13) be **GRANTED**, that the

final decision of the Commissioner be **AFFIRMED**, and that this matter be **DISMISSED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: August 8, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA